The owner of a judgment has a clear right to have an execution issued upon it, after the lapse of five years from the entry of the judgment, by complying with the provisions of section 284 of the Code of Procedure; and of this *Page 386 
right he cannot be deprived unless the judgment debtor contradicts the facts which the creditor is required to set forth as the foundation of the motion for leave to issue an execution. The only inquiry contemplated by the Code, upon an application for leave to issue the execution, is whether the judgment, or any part of it, remains unsatisfied and due. The Court has no discretion to exercise, if the facts stated in the moving papers are uncontradicted. The creditor is as much entitled to an execution in that case as he was originally entitled to his judgment. If the debtor, in opposition to the motion, shows that he is the owner of a judgment against the moving party, the Court may require him to make a motion to set off his judgment against the one upon which an execution is sought to be issued, but it cannot, upon the mere proof of the existence of a judgment against the party, applying for the execution, deny the application of the latter. In the case before us, the assignee of the plaintiff's judgment had no opportunity to deny the allegation of the deceased, that he owned a judgment against such assignee, nor to show that the amount claimed to be due upon such judgment was not due. The motion of the plaintiff's assignee was denied, although all the facts upon which it was based were admitted, without giving him an opportunity to controvert the new matter set up in the papers read in opposition to his motion.
The order of the general term affected a substantial right, and is appealable, and, being erroneous, should be reversed, with costs.
All the judges concurring,
Order reversed. *Page 387